SUPREME COURT.

## THE CITY OF ROCHESTER, respondent, agt. AMON BRONSON and others, appellants.

A *receiver* when appointed of the property of a *corporation*, displaces the directors or other body that by its charter are authorized to manage its affairs, and under the direction of the court by whom he is appointed, has the sole control of its property and effects; and when authorized so to do, the exclusive power to use its franchises.

Such an appointment ought not to be made, unless in a case of necessity to protect the stockholders or creditors from loss, or to prevent an abuse of the corporate franchises.

The stockholders are entitled to have the selection of the agents who are to manage the affairs of the corporation, and this power ought not to be taken from them unless it is necessary for their own protection, or that of creditors, or the state.

The act of 1870, (*ch.*, 151,) assumes to enumerate the cases in which receivers of corporations may be appointed, and to prescribe the length of notice which must be given of the application for such appointment; and in the most emphatic terms forbids the appointment, unless in the cases expressly enumerated by it.

A construction which would tolerate a receivership at the discretion of the court, because it is proposed to extend it to but a *part of the corporate property*, would annul the statute, and increase instead of lessen the abuses which the act of 1870, was intended to remedy or prevent.

The plaintiff owns a majority of the stock of the Rochester and Genesee Valley Railroad, and under the act of 1851, was entitled to appoint four of the 13 directors of that corporation. In 1867, the act of 1851, was amended so as to empower the plaintiff to choose seven instead of four of the said directors. A part of the stockholders insisting that the act of 1867, was in violation of the constitution, treated it as of no force and proceeded to elect directors under the act of 1857. The other stockholders elected a board of directors under the act of 1867 ; and the plaintiff proceeded under the latter act to appoint seven of the 13 directors.

Both boards claiming to act, each as the legally constituted board, suits were instituted to determine the right of the board elected under the act of 1851, to act for the company. And it was held by the general term in the 7th district, that the act of 1867 was constitutional and valid, and that the persons elected pursuant to its provisions constituted the board of directors of said railroad company. Since the commencement of this action, the judgment of the general term has been affirmed by the court of appeals *pro forma*, that an appeal may be taken to the supreme court of the United States.

In 1858, the Rochester and Genesee Valley R. R. Co., leased its road to the Buffalo N. Y. and Erie R. R. Co., for ten years with the privilege to the lessee to extend

City of Rochester agt. Bronson.

the term ten years longer—the rent for the use of the road was 48 per cent. of the gross earnings of the company. payable on or before the 25th day of each month succeeding the month in which the earnings accrued. The lessee, in 1863, assigned this lease to the Erie R. R. Co., who assumed to fulfill the conditions of the lease on the part of the lessee.

This action is brought to recover a balance of *rent* claimed to be due to the plaintiff under the aforesaid lease, and for the appointment of a receiver of the property and effects of the Rochester and Genesee Valley Railroad Company, alleging the insolvency of the Erie Railroad Company, the present lessee of said former road, &c. :

*Held*, that the insolvency of the Erie Company, to say the least, is as positively denied by the president of the company as it is affirmed in the complaint, and so far, therefore, as insolvency formed a ground for the receiver's apppointment it was removed :

*Held* also, that so far as the resistance of the Erie Company to the action brought to recover the rent is concerned, or the resistance by the directors who have been held not to be duly elected by the decisions of the courts against them, they furnish no ground for the appointment of a receiver. It is the right of every party to a litigation to appeal from adjudications against him.

Defenses are embarrassing to a plaintiff who is endeavoring to enforce an honest claim, but the right to put them in must be defended notwithstanding they may be put in occasionally, in bad faith. There are other and less mischievous remedies for such abuses than the appointment of receivers.

*Fourth Judicial Department, General Term, March,* 1871. *Before* MULLIN, *P. J.*; JOHNSON *and* TALCOTT, *JJ.*

APPEAL by defendants from an order appointing a receiver, &c.

*By the court,* MULLIN, *P. J.*—The plaintiff is the owner of a majority of the stock of the Rochester and Genesee Valley Railroad Company, and by an act of the legislature passed in 1851, was entitled to appoint four of the thirteen directors, authorized by the charter of the company to manage the affairs of the corporation.

In 1867, the last mentioned act was amended so as to empower the plaintiff to choose seven instead of four of the directors.

A part of the stockholders insisting that the act of 1867, was in violation of the constitution, treated it as of no force and proceeded to elect directors under the act of 1851, and the stockholders, who deemed the act of 1867 as valid, elected a board pursuant to that act, the city designating

seven of the thirteen directors.   Two boards of directors
were thus brought into being, each claiming to be the
legally elected board of directors, and as such authorized to
manage and control its affairs.

Suits were instituted to determine the right of the board
elected under act of 1851, to act for the company, and it
was held by the general term in this district, that the act
of 1867, was constitutional, and that the persons elected
pursuant to its provisions constituted the board of directors
of said railroad company.   The judgment of the general
term has, since the commencement of this action, been
affirmed by the court of appeals *pro forma*, that an appeal
may be taken to the supreme court of the United States.

In 1858 the Rochester and Genesee Valley Railroad Com-
pany leased its road property and franchises to the Buffalo,
New York and Erie Railroad Company for ten years, with
the privilege to the lessee to extend the time ten years
longer.   The rent to be paid for the use of the road was 48
per cent. of the gross earnings of the company, payable on
or before the 25th day of each month succeeding the month
in which the earnings accrued, and to that end the lessee
was to furnish a just and true statement of such earnings.

The Buffalo, New York and Erie Company in 1863,
assigned this lease to the Erie Railroad Company, who
assumed to fulfill the conditions of the lease on the part of
the lessee.

The Erie company paid the rent in accordance with the
conditions of the lease, as claimed by the plaintiff, down to
January or February, 1869, but, as claimed by the Erie
company, down to December, 1869; and it is claimed by
the latter that by reason of the neglect of its auditor to keep
up the accounts of the company, a formal statement of the
gross earnings of the company could not be furnished, yet
the amount of such monthly earnings had been estimated,
and the amount of such estimated earnings specified in the

lease to be paid to the lessor, has been paid down to and including April, 1870.

The plaintiff in addition to the facts above stated, alleges that the Erie company is insolvent, and that unless prompt measures be taken to collect the rent, it will be lost, to the loss and injury of the stockholders of said Rochester and Genessee Valley Railroad Company.

It is further alleged, that the Erie Railroad Company owns some 1,500 shares of the capital stock of said Rochester and Genessee Valley Railroad Company, and that the directors elected under the act of 1851, named as defendants in this action, were elected by the votes of the Erie company as owners of said 1,500 shares, and that said directors are conniving with the Erie company to prevent the collection of said rent.

It is further alleged, that the Rochester and Genessee Valley Railroad Company is owing for taxes assessed on the property of said company and has no means of payment but the rent aforesaid, and unless such taxes are paid the property of the company will be sold, to the great loss and injury of the stockholders.

It is further alleged, that the directors, whose title to the office has been established by the adjudications of the courts, have caused an action to be commenced against the Erie company to enforce the payment of said rent, but the company defends the action, claiming that the directors bringing such actions are not the legally elected directors of said company, and they do not know to which of the two boards to pay.

It is further alleged, that with the view to delay and embarrass the duly elected board in its efforts to compel payment of said rent, an appeal to the supreme court of the United States is threatened. And that while the litigation is going on, the rent will be lost, unless a receiver of the property of the corporation is appointed, who can proceed

and collect the rent, relieved from the embarrassments thrown in the way of the directors.

· The Erie Company, through its president, denies its insolvency, and alleges its ability and willingness to pay, as soon as its accounts are so arranged as to enable it to know the amount which ought to be paid.

It is shown by the receipts of the collectors of taxes, that the taxes assessed against the Rochester and Genesee Valley Railroad Company, for state and county purposes in 1869, have been paid, and that the city taxes and the taxes in the village of Avon for 1869 and 1870, have been paid since the commencement of this action.

There are other facts stated in the papers, but I believe the foregoing are all that are necessary to be stated in order to present the question whether the plaintiff is entitled to have a receiver of the property of the corporation appointed.

· A receiver when appointed of the property of a corporation, displaces the directors or other body, that by its charter, are authorized to manage its affairs, and under the direction of the court by whom he is appointed, has the sole control of its property and effects, and when authorized so to do, the executive power to use its franchises.

The appointment of such a person, ought not to be made unless in a case of necessity, to protect the stockholders or creditors from loss, or to prevent an abuse of the corporate franchises.

The stockholders are entitled to have the selection of the agents who are to manage the affairs of the corporation, and this power ought not be taken from them, unless it is necessary for their own protection, or that of creditors or the state.

· The act of 1870, chap. 151, assumes to enumerate the cases in which receivers of corporations may be appointed, and to prescribe the length of notice which must be given of the application for such appointment.

The 3d section provides that a receiver may be ap-

pointed of the property of a corporation only by the supreme court in a civil action upon at least eight days notice to the proper officers of the corporation in one of five cases.

The 4th is the only one under which such an application could be made in this case.

It is as follows: In a civil action brought by the attorney general, or by the stockholders, to preserve the assets of [a corporation having no officers empowered to hold the same.

The 5th includes the cases in which receivers may be appointed of the property of corporations under the provisions of title 4, chap. 8, part 3, of the Revised Statutes. This case cannot be brought within any of its provisions.

The Rochester and Genesee Valley Railroad Company has officers empowered to hold and preserve the assets of the corporation, and hence a receiver cannot be appointed under this statute.

The appointment is, in the most emphatic terms, forbidden, unless in the cases expressly enumerated.

It is no answer to this position to say, that the receivership cannot be extended in this case to the whole property of the corporation, that it is and must be confined to the rents.

A construction which would tolerate a receivership at the discretion of the court, because it is proposed to extend it to but a part of the corporate property, would annul the statute, and increase, instead of lessen, the abuses which the act of 1870 was intended to remedy or prevent.

If I am right in my construction of the statute, the order appealed from must be reversed.

But, if I am wrong in my construction, I am, nevertheless, of the opinion that the receiver was improvidently appointed.

The insolvency of the Erie company is, to say the least, as positively denied by the president of the company, as it

is affirmed in the complaint, and so far, therefore, as insol-
vency formed a ground for the receiver's appointment it
was removed.

So far as the resistance by the Erie company to the
actions brought to recover the rent is concerned, or the
resistance by the directors, who have been held not to be
duly elected by the decisions of the courts against them,
they furnish no ground for the appointment of a receiver.
It is the right of every party to a litigation to appeal from
adjudications against him, and if such appeals would jus-
tify the appointment of a receiver of their property, but
few of the railroad coporations in the state would long be
permitted to manage their own affairs.

Defenses are embarrasing to a plaintiff who is endeavor-
ing to enforce an honest claim, but the right to put them in
must be defended notwithstanding they may be put in
occasionally in bad faith.   There are other and less mis-
chievous remedies for such abuses, than the appointment
of receivers.

If the directors appointed under the act of 1851, had
been held to be the legally elected board, and it had been
charged that they were colluding with the Erie Company
by whose votes they were elected to prevent the collection
of the rent, a strong equitable ground for their removal
would be furnished.   But in this case, we must treat them
as intruders, who have no color of right to interfere in the
affairs of the corporation, to permit the acts or misconduct
of such men, to furnish a ground for depriving the cor-
poration of the control of its affairs, would be a monstrous
imposition.

It is the strange feature in this case, that the legally
elected board of trustees is in the attitude of asking that
the control of the affairs of the corporation be taken out of
their hands, and put into those of a receiver, because they
cannot prevent a debtor of the corporation from defending
actions brought to collect debts, or because other persons

claiming to be directors are colluding with the debtor to to prevent the collection of the debt.

The legally elected board must proceed in the ordinary way to obtain possession of the property belonging to the corporation. If the laws now in force are not sufficiently stringent to enable them to accomplish the purpose, the legislature will, doubtless, provide others that will be adequate to the attainment of the end. But while the statute of 1870 is in force, the end sought to be attained in this case cannot be attained through the appointment of a receiver.

It is, perhaps, proper that I should say that it is not my intention to express any opinion as to the validity of the election of either board of directors; with that question I have nothing to do, further than to recognize and give effect to the decision of the courts, that have declared the election of one of these boards valid. It is the duty of the court to enforce that decision so long as it remains unreversed,

The order appointing a receiver is reversed, with $10 costs.